IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD K. HALL, JR.,           )
                               )
        Plaintiff,             )
                               )
    v.                         )   No. 11 C 122
                               )
CITY OF BERWYN, et al.,        )
                               )
        Defendants.            )

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, the motions to dismiss are granted in part and the remaining state law claims are dismissed without prejudice.

**BACKGROUND**

Plaintiff Edward Hall, Jr. (Hall) contends that on November 9, 2009, he went to Defendant McDonald's restaurant. Hall claims that the cheeseburgers he ordered did not come with meat patties and his "two boys became hysterical" in part because of "their inability to consume their cheeseburger lunch from McDonald's." (SA Comp. Par. 13). Hall allegedly asked to see a manager and the assistant manager

1

apologized, gave Hall a refund, and told Hall that his name would be placed on a complimentary meals list. Hall allegedly returned to the same McDonald's on November 11, 2009, with one of his sons to obtain their complimentary meal. Hall contends that he spoke to Defendant Maria Guzman (Guzman) at the drive-thru window and she indicated he was not entitled to a complimentary meal. Hall alleges that during the conversation she told him, "Sir, if you don't lower your voice I'm going to call the police." (SA Compl. Par. 32). Guzman allegedly gave Hall a complimentary meal and, as Hall was leaving, multiple police cars allegedly pulled into the McDonald's parking lot. Hall claims that one of the officers, Defendant Officer Olsauskas (Olsauskas) asked to see Hall's identification and Hall responded: "Why do you need my identification?" (SA compl. Par. 38). Hall claims that Olsauskas took possession of Hall's driver's license and Hall contends that he was thus deemed to be in police custody. Hall claims that he tried to call 911 and that a police officer told Hall on the phone to talk to the officers that were present. Hall claims he was given a municipal ordinance violation citation for disorderly conduct and the police officers left the McDonald's. Hall claims that he went to the police station to discuss the ticket and Defendant Sergeant Catena (Catena) refused to "join [Hall] in lobby area to speak," and referred to Hall as a "troublemaker." (SA Compl. Par. 52). Hall further alleges that when he appeared in court for his ticket relating to

2

ordinance violation, cases involving Caucasian and Hispanic persons were summarily dismissed, but Hall, who is African-American, contends that his case was not summarily dismissed. Hall contends that a hearing officer found Hall guilty of disorderly conduct, but after Hall's motion for reconsideration, he was found not guilty. Hall claims that he was "subjected to unequal treatment under the law based upon his race." (SA Compl. Par. 65).

Hall, who is represented by counsel, brought the instant action and includes in his second amended complaint claims alleging that his equal protection rights were violated brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), and state law claims for false arrest and malicious prosecution (Count II). Defendants have each filed a separate motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Equal Protection Claims (Count I)

Defendants all move to dismiss the Section 1983 equal protection claims. To state a valid claim for relief under Section 1983, "a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law." *Racine Charter One, Inc. v. Racine Unified School Dist.*, 424 F.3d 677, 680 (7th Cir. 2005). Pursuant to the Equal Protection Clause of the Fourteenth Amendment, "'no State shall . . . . deny to any persons within its jurisdiction the equal protection of laws.'" *Id.* (quoting U.S. Const. amend. XIV, § 1).

In the instant action, the second amended complaint is devoid of allegations

that plausibly suggest an unequal treatment of Hall because of his race. Hall's own allegations clearly indicate that he was arguing in a loud manner and that Guzman called the police because of Hall's disruptive behavior. (SA Compl. Par. 32). Hall fails to provide any justification for acting in such an unruly manner and breaching the peace at a restaurant open to the public, regardless of whether, as he claims, he was being denied a complimentary cheeseburger. Hall's own allegations also indicate that the police arrived in response to a complaint from a member of the public, presumably Guzman. (SA Compl. Par. 32, 35). Hall's allegations also indicate that the police did not arrest him, but merely gave Hall a ticket and left the McDonald's. (SA Compl. 47). Hall's own allegations also indicate that he was not immediately compliant with the police. He alleges himself that when asked for identification by police, he responded by demanding an explanation as to why police would need to see his identification and he only complied after being threatened with arrest. (SA Compl. Par. 37-39).

Hall claims that Olsauskas threatened to throw Hall against the wall and handcuff him in front of his child if Hall did not comply with the order to produce his identification. However, even if that did occur and could somehow be construed as some sort of threat to harm Hall, that in no way indicates that any actions were taken against Hall because of his race. Hall claims that the officers were Caucasian and

5

Hispanic, but such allegations are not sufficient to suggest any unfair treatment of Hall because of his race. Hall in fact acknowledges in his second amended complaint that when he went to court Caucasian and Hispanic persons also had to appear for alleged ordinance violations. (Compl. Par. 55). Hall does claim that "several other cases" for "Caucasian and Hispanic individuals" were summarily dismissed, but the fact that other cases based on different facts were treated in a different manner than Hall's case does not show unequal treatment under the law. (SA Compl. Par 55). Hall has not pled facts to plausibly suggest any conspiracy between Defendants and the state court judicial system. Hall claims that if he "had been white, he would never have been stopped, threatened, and seized by Officer Olsauskas." (Ans. 11). However, Hall has not alleged facts to plausibly suggest that his belief is anything other than pure speculation. Hall also attempts to supplement the allegations in his second amended complaint, by presenting new facts such as that the arresting officer had allegedly acted in a discriminatory manner in the past with other individuals. However, the focus for the purposes of the instant motion is the allegations in the second amended complaint and Hall cannot present new facts in his opposition to the motions to dismiss.

Hall also argues that he can proceed under a "class of one" equal protection theory. (Ans. 10). For a "class of one" theory, a plaintiff must establish "that he or

she was (1) intentionally treated differently from others similarly situated and that there is no rational basis for that treatment, or (2) that the government is treating similarly situated individuals differently because of a 'totally illegitimate animus' for the plaintiff." *Aida Food and Liquor, Inc. v. City of Chicago*, 439 F.3d 397, 402-03 (7th Cir. 2006)(quoting *Nevel v. Vill. of Schaumburg,* 297 F.3d 673, 681 (7th Cir. 2002)). In the instant action, Hall has not pled any facts to plausibly suggest that he was treated differently than similarly situated individuals. Hall cites *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180 (7th Cir. 1986), (Ans. 12), but in *Bohen* the Court stated that "[t]he core of any equal protection case is, of course, a showing of intentional discrimination." *Id.* at 1186. In this case, even when considering all of Hall's allegations in their totality, Hall has not provided facts to plausibly suggest any intentional unlawful discrimination. Therefore, Defendants' motions to dismiss the Section 1983 equal protection claims are granted.

II. Remaining State Law Claims

Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed

before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss the Section 1983 equal protection claims are granted and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 12, 2011